### DOCTOR *v.* MUSKEGON OIL CORPORATION.

1. Landlord and Tenant—Recorded Oil Lease Takes Precedence Over Unrecorded Land Contract.

    A valid recorded oil lease takes precedence over an unrecorded land contract although executed after the contract, where the vendees were not in actual possession of the premises.

2. Same—Consideration.

    Where an oil lease providing for the payment to the lessors of one-tenth of all sums realized by the lessee therefrom was surrendered and a new lease executed changing the royalty to be paid the lessors from one-tenth to one-eighth, the modification thus made and the surrender of the rights secured to both parties thereunder furnished a sufficient consideration for the second lease.

3. Same—Vendee in Unrecorded Land Contract Has no Rights Superior to Those of His Vendors.

    Where lessors treated an oil lease as binding, accepted payments thereunder, and later executed a new lease on its surrender, they waived their right to object to any imperfections in the first lease, and their vendee in a prior unrecorded contract not in actual possession of the premises has no rights superior to those of his vendors.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 30, 1929. (Docket No. 89, Calendar No. 34,135.) Decided March 28, 1929.

Bill by Harm Doctor against the Muskegon Oil Corporation, Charles W. Reeths, and another to set aside certain leases. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*George H. Cross,* for plaintiff.

*Cross, Foote & Sessions,* for defendant Muskegon Oil Corporation.

*Willard J. Turner,* for defendants Reeths.

Sharpe, J. On June 25, 1926, Charles W. Reeths and Margaret Reeths, his wife, executed and delivered to Stanley Daniloff a written lease of 100 acres of land in the county of Muskegon for the term of 10 years, under which the lessee might remove the "oil, gas and minerals" therefrom, on paying to the lessors one-tenth of all sums realized by the lessee therefrom. Daniloff's copy thereof was recorded on August 14, 1926. An assignment of this lease to the defendant oil company was recorded on September 16, 1926. On January 11, 1928, this lease was surrendered, and the lessors executed a new lease of the same premises to the oil company. It contained additional provisions, among them being an undertaking to pay the lessors one-eighth of the proceeds of all oil and gas removed. It was duly executed and acknowledged, and recorded on the following day.

On October 18, 1926, Reeths entered into a land contract, in the usual form, for the sale of a 20-acre tract of the land included in the leases to the plaintiff for the sum of $500, of which $100 was then paid and the balance provided for therein. It was not acknowledged or recorded.

In his bill of complaint herein plaintiff prays that these leases as recorded be declared null and void and removed as a cloud upon his title, and that the oil company be enjoined from drilling or operating on said land or interfering with plaintiff's right to possession thereof. The plaintiff appeals from a decree dismissing his bill.

We need not consider the claim of the plaintiff that the record of the lease first made and its assignment to the oil company did not constitute notice to

the plaintiff because of the imperfections therein, as in our opinion that made on January 11, 1928, was valid and binding on the lessors, and, when recorded, took precedence over plaintiff's unrecorded contract. No claim is made that plaintiff was at that time, or ever had been, in actual possession of the premises.

Plaintiff claims that it was incumbent on the oil company to prove that the Reeths received a valuable consideration for the execution of this lease, and that it failed to do so. It recited a consideration of one dollar, the receipt of which was acknowledged. It changed the royalty or percentage from one-tenth to one-eighth of the production. At the time of its execution, a producing well had been brought in on December 20, 1927, on a part of the land included in the lease, although not on that included in plaintiff's contract. The oil company paid to Reeths the one-tenth percentage due him from the time of its production to the date of the execution of the new lease on January 11, 1928, and thereafter one-eighth, as provided for therein. The modifications thus made in the lease first executed and the surrender of the rights secured to both parties thereunder furnished a sufficient consideration for the execution of the later one. *Sheldon* v. *Rice's Estate,* 30 Mich. 296 (18 Am. Rep. 136) ; *Blodgett* v. *Foster,* 120 Mich. 392. Plaintiff makes no claim that the oil company is in any way chargeable with notice of the existence of his land contract.

Counsel urge that the oil company acquired no rights under the first lease, although assigned to it. While any imperfections in its form or execution might have been taken advantage of by Reeths in resisting the oil company's claims thereunder, he treated this lease as binding upon him, accepted payment thereunder, and later executed the new lease

on its surrender.  He would not be heard to say that it was not binding upon him, and plaintiff, not having recorded his contract, has no rights superior to his.

We have examined the authorities cited and relied upon by appellant, but they are not applicable to the facts here presented.

The decree is affirmed, with costs to appellees.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.